
USCA1 Opinion

	




      [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

                 United States Court of Appeals
                     For the First Circuit
                                
                                



No. 98-1354

                          UNITED STATES,

                            Appellee,

                                v.

                   MARCOS A. RIVERA HERNANDEZ,

                            Defendant.



           APPEAL FROM THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF PUERTO RICO

          [Hon. Jose Antonio Fuste, U.S. District Judge]



                              Before

                      Torruella, Chief Judge,
                 Coffin, Senior Circuit Judge,
                   and Stahl, Circuit Judge.
                                
                                


     Ricardo R. Pesquera on brief for appellant.
     Guillermo Gil, United States Attorney, Rosa E. Rodriguez-
Velez, Executive Assistant United States Attorney, Nelson Perez-
Sosa, Assistant United States Attorney, and Jose A. Quiles-
Espinosa, Senior Litigation Counsel, on brief for appellee.





May 14, 1998



                                
                                
                                            Per Curiam. After conducting an independent review of
    the district court record, and giving due deference to the
    district court's findings of fact, see United States v.
    Tortora, 922 F.2d 880, 882 (1st Cir. 1990), we decline to
    disturb the order of pretrial detection.  This order concluded
    that the government had demonstrated, by clear and convincing
    evidence, that "no condition or combination of conditions will
    reasonably assure . . . the safety of any other person and the
    community" if defendant is released.  See 18 U.S.C.  3142(e).
        First, we accept the district court's conclusion that
    the evidence shows that defendant is part of a tightly-knit
    drug organization prone to violence.  We also note that
    defendant does not appear to play just a minor role in this
    organization since, according to the government's proffer, he
    has been tape-recorded discussing drug deals with the head of
    the organization, Miguel Gonzalez-Sanchez.  In this context, we
    question defendant's contention that the discovery provided to
    him so far shows only that he is a "small-scale buyer"; that
    is, the amount he supposedly bought -- about one kilogram of
    drugs -- arguably was not for personal use, but for resale.
        As for the conditions of release posed by defendant,
    we agree that they are not adequate to assure the community's
    safety.  Specifically, the posting of the properties of
    defendant's relatives as security for bail absent an agreement
    that the properties be forfeited upon the breach by defendant
    of any of the conditions of release goes more to assuring the
    presence of defendant than to assuring the community's safety. 
    See United States v. Patriarca, 948 F.2d 789, 793-94 (1st Cir.
    1991).  Similarly, electronic monitoring, while allowing
    detection of flight, "cannot be expected to prevent a defendant
    from committing crimes or deter him from participating in
    felonious activity within monitoring radius."  Tortora, 922
    F.2d at 887.  In the same vein, by permitting defendant to
    work, "a sizeable loophole" may be created -- the opportunity
    to use outside communication facilities to continue drug
    dealaing.  See id.  Finally, given the prevalence of cellular
    telephones, agreeing to have no telephone line in the home also
    is scant protection against continued criminal activity.  Seeid.
        In relation to defendant's medical condition, we note
    that the district court entered an order on March 17, 1998
    directing the prison warden to have defendant evaluated by a
    neurologist "ASAP."  We assume that this order has been obeyed
    and that defendant's medical condition is under control. 
    Should further problems arise, defendant can notify the
    district court and request it to take appropriate action.
        Based on the foregoing, we affirm the order of
    pretrial detention.

